1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   K.W., Rosie Herbert Willis on behalf of,          No.  2:23-CV-1341-DMC

12                    Plaintiff,

13          v.                                          MEMORANDUM OPINION AND ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                         Defendant.
16

17

18          Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19   review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20   Pursuant to the written consent of all parties, ECF Nos. 7 and 25, this case is before the

21   undersigned as the presiding judge for all purposes, including entry of final judgment.  See 28

22   U.S.C. § 636(c); see also ECF No. 26 (consent minute order).  Pending before the Court are the

23   parties' briefs on the merits, ECF Nos. 12, 17, and 22.

24          The Court reviews the Commissioner's final decision to determine whether it is:

25   (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

26   whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

27   more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521

28   (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

                                              1

a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  <u>See Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986); <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  <u>See Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  <u>See Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, <u>see Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the matter will be remanded for further proceedings.

## I.  THE DISABILITY EVALUATION PROCESS

This case involves a child's application for social security benefits.  Child's Supplemental Security Income is paid to disabled persons under the age of eighteen.  A child is considered disabled if the child has a medically determinable physical or mental impairment that results in marked and severe functional limitations.  <u>See</u> 42 U.S.C. § 1382c(a)(3)(C)(I).  The Commissioner employs a three-step sequential evaluation process to determine whether a child is disabled.  <u>See</u> 20 C.F.R. § 416.924(a)-(d).  The sequential evaluation proceeds as follows:

Step 1    Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;

Step 2    If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied;

|  |  |
|---|---|
| Step 3 | If the claimant has one or more severe impairments, determination whether any such severe impairment meets, medically equals, or functionally equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled, and the clam is granted. |

See id.

Evaluation of a childhood disability claim does not involve determination of the claimant's residual functional capacity or consideration of vocational issues.

## II.  THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on September 17, 2019.  See CAR 16.[1] In the application, Plaintiff claims disability began on September 1, 2019.  See id.  Plaintiff's claim was initially denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which was held on October 15, 2021, with a supplemental hearing held on May 13, 2022, before Administrative Law Judge (ALJ) Plauche F. Villere, Jr.  In a June 6, 2022, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): anxiety and migraines.

2. The claimant does not have an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in the regulations.

See id. at 17-39.

After the Appeals Council declined review on May 31, 2023, this appeal followed.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1]     Citations are to the Certified Administrative Record (CAR) lodged on September 12, 2023, ECF No. 8.

1

### III.  DISCUSSION

2          In her opening brief, Plaintiff argues: (1) the ALJ failed to obtain evaluations by

3  appropriate experts who reviewed the case in its entirety; (2) the ALJ failed to properly evaluate

4  the medical opinion evidence; (3) the ALJ erred in evaluating the subjective statements and

5  testimony provided by K.W. and her parents; and (4) the ALJ failed to articulate sufficient

6  findings at Step 3.  See ECF No. 12.  As discussed below, the Court finds Plaintiff's first

7  argument is dispositive and requires remand.  The Court, therefore, does not address the

8  remainder of Plaintiff's contentions on the current record, which in any event will be rendered

9  moot upon a new administrative hearing.

10         Plaintiff challenges the ALJ's reliance on expert opinions rendered by Dr. Cohen,

11  Psy.D., and Dr. Piatt, M.D.  See ECF No. 12, pgs. 4-9.  Specifically, Plaintiff contends that

12  neither doctor was qualified under 42 U.S.C. § 1382c(a)(3)(I) to render opinions in this childhood

13  disability case because they are not pediatric psychologists or psychiatrists.  See id.

14         Section 1382c(a)(3)(I) provides in relevant part as follows:

15             In making any determination under this subchapter with respect to
       the disability of an individual who has not attained the age of 18 years. . .,
16     the Commissioner of Social Security shall make reasonable efforts to
       ensure that a qualified pediatrician or other individual who specializes in a
17     field of medicine appropriate to the disability of the individual (as
       determined by the Commissioner of Social Security) evaluates the case of
18     such individual.

19         42 U.S.C. § 1382c(a)(3)(I).

20         The Ninth Circuit Court of Appeals first addressed § 1382c(a)(3)(I) in Howard ex

21  rel. Wolff v. Barnhart, 341 F.3d 1006 (9th Cir. 2003), the case upon which Plaintiff primarily

22  relies.  The appellate court began its discussion by noting that there was little case law

23  interpreting § 1382c(a)(3)(I).  See Wolff, 341 F.3d at 1013.  The court stated:

24             There is little case law interpreting the relevant provision of the statute.
       Research has revealed only two cases which discuss it, and neither is
25     particularly helpful. See Towenson v. Apfel, 16 F.Supp.2d 1329,
       1333 (D.Kan. 1998) (finding the ALJ's failure to expressly state the
26     qualifications of an examining psychologist did not warrant
       reversal); Shinn v. Apfel, 1998 WL 173223 at *5-6 (N.D.Miss. March 10,
27     1998) (finding that the specialist who evaluates the claimant's case under
       the statute need not have a pediatric specialty). Unlike the other cases that
28     address the statute, in this case the ALJ did not consult the report of a

4

1    specialist who examined the claimant's case as a whole.

2         *Wolff*, 341 F.3d at 1013.

3   The Ninth Circuit concluded in Wolff that the ALJ had erred under § 1382c(a)(3)(I) by relying on

4   individual reports offered by various specialists, each limiting their opinions to their areas of

5   specialty.  See Wolff, 341 F.3d at 1014.  Notably, the court stated: "The ALJ made no effort to

6   have Sarah's [the minor claimant] case evaluated *in its entirety*."  Id. (emphasis added).

7        A.    **Dr. Cohen**

8         As to Dr. Cohen, Plaintiff cites Wolff and argues that the ALJ erred in relying on

9   Dr. Cohen's report because Dr. Cohen "was not a pediatric psychologist or psychiatrist. . .; and

10  she expressly did *not* review the record in its entirety. . . ."  ECF No. 12, pg. 5.  Plaintiff adds:

11         The ALJ received precise objection to Dr. Cohen under *Wolff* and
           the AR (CAR 397–398), but this was specifically overruled. (AR 27–28)
12         However, the decision failed to show any pediatric specialization,
           admitted Dr. Cohen refused to consider headaches as part of K.W.'s
13         overall picture (CAR 27), acknowledged Dr. Cohen did not consider the
           record in its entirety, and admitted Dr. Cohen disregarded information
14         from K.W.'s parents because not objective. (CAR 28) The decision
           implied the parents were wrong about K.W.'s mental impairments
15         affecting school attendance because records did not show frequent
           absences or early releases (*id.*), but they do show frequent tardies.
16         [footnote omitted] (CAR 719–720; see CAR 335 ["(K.W.) has only 1
           absence but she has been tardy 19 of 56 days"].) However, the decision's
17         partial defenses of Dr. Cohen don't matter. Dr. Cohen was simply not a
           pediatric expert. Indeed, it reasonably appears her specialty is the
18         administration of formal testing protocols to individuals of all ages. Dr.
           Cohen did not pretend to encompass the "record in its entirety" with her
19         testimony; she clearly perceived her role to be addressing mental
           impairment and resisted addressing headaches, one of only two severe
20         impairments found in the decision, regardless of the decision's extraction
           of statements about headaches Dr. Cohen made when pressed on cross-
21         examination. (CAR 27)

22         ECF No. 12, pg. 6.

23         Addressing Plaintiff's objection at the administrative hearing, the ALJ stated:

24         After the hearing, the claimant's representative, Mr. Kaplan, objected to
           the testimony of Dr. Cohen stating she was not an appropriate specialist,
25         and she did not consider all the evidence (Ex. 19E). The objections are
           overruled. Dr. Cohen testified that she is a clinical psychologist with a
26         specialty in clinical neuropsychology. Her training included classes in
           pediatric neuropsychology for her specialty. Her resume also reflects
27         assessment services she has provided to children (Ex. 15F). Despite
           repeated questions from Mr. Kaplan about headaches, Dr. Cohen testified
28         that headaches are outside of her specialty of clinical neuropsychology.

                                    5

She stated the headaches should be addressed by a neurologist. Typically, if a patient is assessed with headaches by a neurologist, the patient would be sent to her clinic to determine how the headaches are affecting the person's functioning. In this case, even if there are headaches, they do not appear to be impacting the claimant's functioning or the functional domains. She did not find evidence of a somatoform disorder. While anxiety may lead to headaches, they do not cause marked or extreme functional limitations in this case. Here, the undersigned again points out that the headache impairment has been addressed by the appropriate specialist, pediatric expert Dr. Piatt (Ex. 13F-14F), which is in accordance with SSR 04-1(9).

Regarding Mr. Kaplan's objection that Dr. Cohen did not consider all the evidence in the record, Dr. Cohen testified that she skimmed the physical health records because physical health issues are outside her specialty. She focused on the mental health records when she reviewed the file. She reviewed 6E; 14E; 2F; 4F; 5F; 11F; 16F; She reviewed other exhibits but did not find significant evidence pertaining to her specialty in those exhibits. Focused her review primarily on the teacher's questionnaire, educational records, therapy records and the consultative examination. She based her opinion on her review of the evidence, and she considered the opinions in the file. She considered what evidence was consistent or inconsistent in formulating her opinion. In this particular case, she did not find any inconsistency between her opinion and the rest of the records. She noted again that a consultative examiner opined there was a marked limitation in interacting with others, which she considered, but ultimately determined it was not supported by the teacher's questionnaire and therapy notes. She stated that her testimony is based on her review of the evidence in the record, which includes other medical opinions, because she is not an examiner.

CAR 27-28.

The Court agrees with Defendant that, contrary to Plaintiff's assertion, Dr. Cohen is a qualified expert.  Specifically, Plaintiff's impairments include anxiety and Dr. Cohen is a clinical psychologist with special pediatric training.  As such, Dr. Cohen is qualified in a "field of medicine appropriate to the disability of [Plaintiff]."  See Wolff, 341 F.3d at 1013.

Plaintiff's argument that Dr. Cohen failed to examine the entire case record in its entirety is more persuasive.  Here, the ALJ acknowledged that Dr. Cohen did not evaluate Plaintiff's headaches as that impairment was not within her specialty and was discussed by Dr. Piatt in a separate evaluation.  It seems the ALJ excused this by noting that Plaintiff's headaches "do not appear to be impacting the claimant's functioning of the functional domains."  This suggests that the ALJ felt Dr. Cohen was not required to consider headaches because headaches are not a severe impairment.  However, this would contradict the ALJ's own finding that

1   Plaintiff's migraine impairment is in fact severe.  While Dr. Piatt may have closed the gap by

2   separately examining Plaintiff's headaches, this is insufficient under § 1382c(a)(3)(I).  See Wolff,

3   341 F.3d at 1014 (holding that the ALJ erred by relying on individual reports offered by various

4   specialists, each limiting their opinions to their areas of specialty).

5          Pursuant to Wolff, a remand is required in order to allow Plaintiff's case to be

6   evaluated by at least one specialist who considers the entire case record as a whole, not just those

7   records relating to the doctor's specialty.

8          **B.**    **Dr. Piatt**

9          As with Dr. Cohen, Plaintiff's argument concerning Dr. Piatt is twofold.  First,

10  Plaintiff argues that Dr. Piatt, while a pediatrician, is not a qualified expert under § 1382c(a)(3)(I)

11  because the doctor does not specialize in pediatric psychology and the record reflects that

12  Plaintiff's migraine headaches are "not wholly independent of her anxiety."  ECF No. 12, pg. 7.

13  Second, Plaintiff argues that Dr. Piatt also did not review the case record as a whole.  See id.

14  According to Plaintiff:

15              . . . Dr. Piatt's testimony came in the form of interrogatory
            responses after the first of two hearings. Those responses were specifically
16          directed to the time-period ending with the date of that first hearing,
            October 15, 2021. (CAR 631; see 52–71.) At that hearing, K.W. and her
17          father testified. (CAR 52) But Dr. Piatt didn't hear or see that testimony;
            the interrogatories were mailed to her October 15, 2021. (CAR 615) And
18          Dr. Piatt's 1/24/22 responses (see CAR 638) *preceded* Dr. Cohen's
            testimony at a subsequent hearing May 13, 2022. . ., and so couldn't
19          comprehend *that* evidence. Dr. Piatt's responses *also* didn't comprehend
            102 pages of mental health, pediatric, and education evidence entering the
20          record subsequent to those interrogatory responses. (See Index of Exhibits,
            exhibits 16F, 17F, 18F [noting ending dates of those records and order of
21          exhibits], CAR 654–756.)

22          ECF No. 12, pgs. 7-8.

23          The Court does not decide whether Dr. Piatt, as a pediatrician but not a specialist

24  in pediatric psychology, is a qualified expert under § 1382c(a)(3)(I) because the Court agrees with

25  Plaintiff that, in any event, Dr. Piatt did not examine the case record as a whole.  As to Dr. Piatt,

26  the ALJ acknowledged that the doctor did not review the entire record.  See CAR 26.  The ALJ

27  / / /

28  / / /

1 | stated:

> [Dr. Piatt's] opinion is persuasive because Dr. Piatt reviewed much of the available evidence, and she cited specific evidence and findings to support each domain finding in her opinion (Ex. 14F). For example, in the domain of health and physical well-being, Dr. Piatt noted she was taking medications for headaches but also noted that there had been no follow up since August 25, 2021 (Ex. 14F/8). She cited evidence in the record that showed the claimant was "happy and able to regulate emotions appropriately (Ex. 5F/7), able to take care of self-care appropriately (Ex. 4F/2), had a "normal" physical examination (Ex. 10F/3). She was functioning at grade level without any specific domain problems despite some tardy behavior (Ex. 6E), had an "excellent" memory (Ex. 5F/7), and was friendly (Ex. 5F/7).

> CAR 26.

Reviewing "much" of the available evidence does not comply with the requirement outlined in <u>Wolff</u> that a qualified expert review the entire case record as a whole.  While Dr. Piatt's evaluation in combination with Dr. Cohen's evaluation may have supplied sufficient evidence to support the ALJ's determination, as was the case in <u>Wolff</u>, nonetheless § 1382c(a)(3)(I) mandates that the entire case record as a whole be evaluated by at lease one single qualified specialist.  <u>See</u> <u>Wolff</u>, 341 F.3d at 2014.  Piecemeal evaluations are insufficient in childhood disability cases.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## IV.  CONCLUSION

2          For the foregoing reasons, this matter will be remanded under sentence four of 42

3 U.S.C. § 405(g) for further development of the record and/or further findings addressing the

4 deficiencies noted above.

5          Accordingly, IT IS HEREBY ORDERED as follows:

6          1.     Plaintiff's motion for summary judgment, ECF No. 12, is GRANTED.

7          2.     Defendant's motion for summary judgment, ECF No. 17, is DENIED.

8          3.     The Commissioner's final decision is REVERSED, and this matter is

9 REMANDED for further proceedings consistent with this order.

10          4.     The Clerk of the Court is directed to enter judgment and close this file.

11

12 Dated:  August 16, 2024

13                                        _____
                                          DENNIS M. COTA
14                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28